UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| CHRISTOPHER MORALES,<br>    *Plaintiff*,<br><br>v.<br><br>ANGEL QUIROS, OFFICER RUFFIN,<br>OFFICER BEVORY, WAREN "JOHN<br>DOE" #1, OFFICER "JOHN DOE" #2,<br>OFFICER "JOHN DOE" #3,<br>    *Defendants*. | CASE NO. 3:23-cv-975 (OAW) |

## INITIAL REVIEW ORDER

Self-represented Plaintiff's filed a complaint naming the five Defendants listed in the caption: Commissioner Angel Quiros, Warden John Doe #1, Officer Ruffin, Officer John Doe #2, and Officer John Doe #3.  Within the body of the Complaint, Plaintiff also lists Officer Bevory as one of the defendants.  Compl, ECF No. 1.

The court has thoroughly reviewed all factual allegations in the Complaint and has conducted an initial review pursuant to 28 U.S.C. § 1915A.  Based on this initial review, Plaintiff's complaint is **DISMISSED** in part and will **PROCEED** in part.

### I. PROCEDURAL BACKGROUND

Plaintiff brings this action under 42 U.S.C. § 1983 on a claim for use of excessive force.  Having been granted his motion to proceed *in forma pauperis, see* Order, ECF No. 9, Plaintiff seeks damages and injunctive relief.

1

The Prison Litigation Reform Act ("PLRA") requires that federal courts review complaints brought by prisoners seeking relief against a government entity or officer or employee of a government entity. 28 U.S.C. § 1915A(a). Upon review, the court must dismiss the complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915(e)(2)(b), 1915A(b).

## II. FACTUAL BACKGROUND

In May 2022, while incarcerated at Bridgeport Correctional Center, Officer Ruffin allegedly assaulted Plaintiff. *See* Compl. 5, ECF No. 1. The incident was captured on surveillance cameras. *See id.* at 6. Officers Doe #2 and Doe #3 stepped in and restrained Officer Ruffin. *See id.* at 5. No supervisor responded to the scene. *Id.* Plaintiff alleges that a camera within the facility recorded Plaintiff asking correctional staff to contact the state police, but that correctional staff failed to do so. *Id.* at 6. As a result of the assault, Plaintiff suffered pain and increased PTSD. *Id.*

## III. DISCUSSION

### A. Use of Excessive Force

Plaintiff does not indicate whether he was a sentenced inmate or a pretrial detainee at the time of the incident.

The Supreme Court of the United States set forth the standard for determining whether the force used by a prison official against a pretrial detainee was excessive under

2

the Fourteenth Amendment, in *Kingsley v. Hendrickson*, 576 U.S. 389 (2015).  It held that "courts must use an objective standard" rather than "a subjective standard that takes into account [the prison official's] state of mind." *Id.* at 396.  Thus, to state an excessive force claim against a prison official, "a pretrial detainee must show only that the force purposely or knowingly used against him was objectively unreasonable." *Id.* at 396–97.

However, if Plaintiff was a sentenced prisoner, his excessive force claim is considered under the Eighth Amendment.  *See Darnell v. Pineiro*, 849 F.3d 17, 35 (2d Cir. 2017).  To state an Eighth Amendment claim for excessive force, a plaintiff must allege facts establishing subjective and objective components.  *See Simms v. Artuz*, 230 F.3d 14, 20–21 (2d Cir. 2000).  The objective component focuses on the harm done to the inmate in light of contemporary standards of decency.  The amount of harm required to state an excessive force claim depends on its nature.  *Id.* at 21.  Although some injury usually is required, the prisoner need not show that he suffered a significant injury.  *See Wilkins v. Gaddy*, 559 U.S. 34, 34 (2010) ("[T]he use of excessive physical force against a prisoner may constitute cruel and unusual punishment [even] when the inmate does not suffer serious injury.") (quoting *Hudson v. McMillian*, 503 U.S. 1, 4 (1992)).  However, "not 'every malevolent touch by a prison guard gives rise to a federal cause of action.'" *Id.* at 37 (quoting *Hudson*, 503 U.S. at 9).  The subjective component of the excessive force standard requires a showing that the use of force was "carried out 'maliciously and sadistically' rather than as part of 'a good faith effort to maintain or restore discipline.'" *Id.* at 40 (quoting *Hudson*, 503 U.S. at 9).

3

The extent of an inmate's injuries is one factor the court may use to determine whether correctional staff "plausibly" could have considered the force necessary in a particular situation. *Hudson*, 503 U.S. at 7.  Other factors include "the need for application of force, the relationship between that need and the amount of force used, the threat reasonably perceived by the responsible officials, and any effort made to temper the severity of a forceful response." *Id.* (internal quotation marks and citation omitted).

Although Plaintiff does not describe the use of force, he does allege that Officers Doe #2 and Doe #3 had to step in to stop it.  *See* Compl. 5, ECF No. 1.  This suggests that the force used was not part of a good faith effort to restore discipline and that it was not objectively reasonable.  Accordingly, the court will permit the excessive force claim to proceed against Officer Ruffin for further development of the record.

Plaintiff alleges that Officers Doe #2 and Doe #3 stepped in and restrained Officer Ruffin to stop the assault, *see id.*, but he does not allege that either officer assaulted him.  As discussed above, what Plaintiff must allege differs based on whether he was a detainee or an inmate.  If he was a detainee, he must allege facts showing that Officers Doe #2 and Doe #3 "recklessly failed to act with reasonable care to mitigate the risk." *Vega v. Semple*, 963 F.3d 259, 274 (2d Cir. 2020).  If, on the other hand, Plaintiff was a sentenced inmate, he would need to allege facts to show that Officers Doe #2 and Doe #3 both knew that he faced a substantial risk of serious harm and failed to take reasonable action to abate or avert the harm.  *See Farmer v. Brennan*, 511 U.S. 825, 837 (1994); *Lewis v. Swicki*, 629 F. App'x 77, 79 (2d Cir. 2015).  Under either standard, these officers did not fail to protect Plaintiff from harm; rather, they took reasonable actions to stop it.

4

All claims against Officers Doe #2 and Doe #3 are dismissed pursuant to 28 U.S.C. § 1915A(b)(1).

Plaintiff also lists Officer Bevory as a defendant in the body of the Complaint but does not mention him in the statement of facts. "It is well settled that, in order to establish a defendant's individual liability in a suit brought under § 1983, a plaintiff must show, *inter alia*, the defendant's personal involvement in the alleged constitutional deprivation." *Grullon v. City of New Haven*, 720 F.3d 133, 138 (2d Cir. 2013) (citations omitted). As Plaintiff fails to allege facts suggesting that Officer Bevory was involved in the use of excessive force, all related claims are dismissed pursuant to 28 U.S.C. § 1915A(b)(1).

### B. Contacting State Police

Plaintiff also alleges that he asked the defendants to contact the state police, but that they failed to do so. Prisoners have no constitutional right to have correctional staff contact the state police on their behalf. *See Ramirez v. Allen*, No. 3:17-cv-1335(MPS), 2017 WL 4765645, at *11 (D. Conn. Oct. 20, 2017) (dismissing a claim that correctional staff failed to contact state police for inmate where inmate did not allege that he was unable to telephone or write to state police himself). As Plaintiff does not allege that he was unable to contact the state police, himself, this claim is dismissed pursuant to 28 U.S.C. § 1915A(b)(1).

### C. Supervisory Liability

Commissioner Quiros and Warden Doe #1 are supervisory officials. Plaintiff does not mention them in his statement of the facts, so the court assumes Plaintiff is asserting a claim that they were deliberately indifferent to his safety by permitting the assault.

The United States Court of Appeals for the Second Circuit has held that "there is no special rule for supervisory liability.  Instead, a plaintiff must plead and prove 'that each Government-official defendant, through the official's own individual actions, has violated the Constitution.'"  *Tangreti v. Bachmann*, 983 F.3d 609, 618 (2d Cir. 2020) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009)).  Mere awareness of an issue is not sufficient to state a claim for supervisory liability.  Here, Plaintiff does not allege that Defendants Quiros and Doe #1 were even aware that Officer Ruffin intended to assault Plaintiff.  Thus, there is no factual basis for a claim that either defendant was deliberately indifferent to his safety.  Any claims against Defendants Quiros and Doe #1 are dismissed pursuant to 28 U.S.C. § 1915A(b)(1).

### D. Injunctive Relief

Plaintiff seeks injunctive relief in the form of an order terminating Officer Ruffin's employment.  The PLRA requires the courts to grant only those forms of relief that are "narrowly drawn, extend no further than necessary to correct the violation of the Federal right, and [are] the least intrusive means necessary to correct the violation of the Federal right."  18 U.S.C. § 3626(a)(1).  Terminating employment is a drastic remedy and clearly is not the least intrusive means to prevent Officer Ruffin from violating inmate rights in the future.  Accordingly, the request for injunctive relief is dismissed pursuant to 28 U.S.C. § 1915A(b)(1).

## IV. CONCLUSION

Accordingly, it is thereupon **ORDERED AND ADJUDGED** as follows:

1. Pursuant to 28 U.S.C. § 1915A(b), the claims against all Defendants except Officer Ruffin, and the request for injunctive relief, are **DISMISSED**. The case will proceed solely on the claim for use of excessive force against Officer Ruffin in his individual capacity.

   a. If Plaintiff wishes to proceed immediately on the sole claim against Defendant Ruffin (as set forth above), he may do so without further delay. If Plaintiff selects this option, he shall file a notice on the docket within thirty (30) days from the date of this order informing the court that he elects to proceed with service as to the claim against Defendant Ruffin. The court will then begin the effort to serve process.

   b. Alternatively, if Plaintiff wishes to attempt to replead any of the dismissed claims from his amended complaint (in an attempt to state a viable claim), he may file an amended complaint within thirty (30) days from the date of this order. If filed, an amended complaint will completely replace the complaint, and in evaluating any amended complaint, the court will not consider any allegations in the original complaint. If filed, the court will review any amended complaint to determine whether it may proceed to service of process on any defendants named therein. If Plaintiff elects to file an amended complaint, the complaint addressed by this Initial Review Order will not proceed to service of process on any defendant.

2. **Change of Address**. If Plaintiff changes his address at any time during the litigation of this case, Local Rule 83.1(c)2 provides that he **MUST** notify the court.

7

Failure to do so can result in the dismissal of the case.  Plaintiff must give notice of a new address even if he is incarcerated.  Plaintiff should write "PLEASE NOTE MY NEW ADDRESS" on the notice.  It is not enough to just put the new address on a letter without indicating that it is a new address.  If Plaintiff has more than one pending case, he should indicate all the case numbers in the notification of change of address.  Additionally, Plaintiff should notify Defendants (or counsel for Defendants) of his new address.

SO ORDERED at Hartford, Connecticut, this 5th day of October, 2023.

/s/
Omar A. Williams
United States District Judge